DOWNEY, Judge.
Oliver-Hoffmann Corporation, a foreign corporation, has filed a Petition for Writ of Certiorari to review an order of the trial court, dated July 6, 1977, wherein, among other things, the court denied the petitioner’s motion for summary judgment.
Respondent, Ocean Harbor Association, Inc., and several condominium unit owners, filed a suit against Oliver-Hoffmann Corporation, the City of Deerfield Beach and J. J. Arnau, individually, and as Building Inspec *170 tor of the City of Deerfield Beach, for damages arising out of the defective construction of the condominium building and appurtenances. An answer was filed, apparently without service of process upon it, by Oliver-Hoffmann Corporation. Thereafter, the plaintiffs in the suit moved to strike certain affirmative defenses, which was denied in part. A motion for summary judgment was then filed by Oliver-Hoffmann Corporation, Inc., supported by an affidavit signed by Paul W. Hoffmann, as President of Oliver-Hoffmann Corporation, an Illinois corporation. Plaintiffs then moved to amend their pleadings to reflect that the intended defendant developer was Oliver-Hoffman Corp. of Deerfield Beach, a Florida corporation, rather than Oliver-Hoff-mann Corporation.
The trial court denied petitioner’s motion for summary judgment as counsel for the plaintiff conceded that the proper defendant was Oliver-Hoffman Corp. of Deerfield Beach, a Florida corporation, and that the parties had no intention of suing Oliver-Hoffmann Corporation, an Illinois corporation. And, as a matter of fact, the trial court found that Oliver-Hoffmann Corporation, an Illinois corporation, was not a named party to this suit.
In this posture of the case it seems to us that petitioner voluntarily filed an answer in this litigation when it was not properly named; that the plaintiff never intended to sue Oliver-Hoffmann Corporation, an Illinois corporation; that the pleadings have now been amended to name the developer of the condominium improvements as a defendant. The mission of petitioner’s motion for a summary judgment was to eliminate the Illinois corporation from the suit. The trial court found that the Illinois corporation was never a party to the suit and we think properly so. Therefore, it appears to us that the petitioner has no cause to complain here because the trial court’s order settled any question about the Illinois corporation’s being a party to the suit.
Accordingly, the Petition for Writ of Cer-tiorari is denied.
DAUKSCH and MOORE, JJ., concur.